**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Case No.: 17-01516-TOM |
| Kristen Rhia Kilgore | ) | |
| | ) | Chapter 13 |
| Debtor, | ) | |

| | | |
|---|---|---|
| Kristen Rhia Kilgore, | ) | |
| | ) | |
| Plaintiff. | ) | ADVERSARY PROCEEDING |
| | ) | |
| | ) | NO.: _____ |
| Covington Credit of Alabama, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT SEEKING DAMAGES IN CORE ADVERSARY PROCEEDING**

COMES NOW the Plaintiff, Kristen Rhia Kilgore, in the above-styled bankruptcy case, by and through counsel, and does allege and complain as follows:

**INTRODUCTION**

1. This is an action for actual and punitive damages filed by the debtor pursuant to Section 362 of the Bankruptcy Code.

**JURISDICTION AND VENUE**

2. Jurisdiction is conferred on this Court pursuant to the provisions of Section 1334 of Title 28 of the United States Code in that this proceeding arises in and is related to the above-captioned Chapter 13 case under Title 11. This Court has both personal and subject matter jurisdiction to hear this case pursuant to Section 1334 of Title 28 of the United States Code and Section 157(b)(2) of Title 28 of the United States Code.

3. This matter is a core proceeding and therefore the Bankruptcy Court has jurisdiction to enter a final order. However, in the event this case is determined to be a non-core proceeding then and in that event the Plaintiff consents to the entry of a final order by the Bankruptcy Judge.

4. Venue lies in this District pursuant to Section 1391(b) of Title 28 of the United States Code.

**PARTIES**

5. Plaintiff, Kristen Rhia Kilgore, is a natural person who resides in 3475 Lockridge Trail, Birmingham, Jefferson County, Alabama and is a debtor under Chapter 13 of Title 11 of the United States Code in case number 17-01516, which is presently pending before this court. The Plaintiff is hereinafter referred to as the Plaintiff or the Debtor.

6. The Defendant, Covington Credit of Alabama, Inc., (hereinafter "Covington Credit"), is a corporation with its principal place of business located at 1400 Ninth Avenue North, Suite 124, Bessemer, AL 35020.

7. The Defendant, Covington Credit, participated in and contributed to the damages caused to the Plaintiff.

8. All acts done by Defendant, Covington Credit, were done on its own behalf.

## FACTUAL ALLEGATIONS

9. The above-styled bankruptcy case was filed in good faith in the Northern District of Alabama, Southern Division, on April 7, 2017, for the purpose of receiving relief under Chapter 13 of the United States Bankruptcy Code. Consequently, an order of relief was entered in the above-styled case on the same day, pursuant to 11 U.S.C. § 301, thus triggering an automatic stay, pursuant to 11 U.S.C. § 362(a), of all debt collection efforts against the Plaintiff/Debtor.

10. Covington Credit was scheduled as a creditor without security or priority. A copy of Schedule F listing Covington Credit as a general unsecured creditor is attached to this complaint and incorporated herein by reference as Exhibit "A". Neither Plaintiff nor her attorney has any knowledge of any letters sent by this Court to Covington Credit providing notice of the Plaintiff's bankruptcy filing being returned for an insufficient or incorrect address or for any other reason.

11. As of the date of the filing of this Complaint, no proof of claim has been filed.

12. On or April 13, 2017, April 19, 2017, April 20, 2015 and May 2, 2017, after filing the bankruptcy petition, the Defendant sent several demand letters and an email to the Plaintiff reminding her that her account was in delinquent status, that her payment history is a significant factor in her credit score, another letter informing her that her account was still past due and her failure to contact creditor has put creditor in a position where they need to consider action and stating her visit to the local office would allow them to work toward a resolution. Creditor sent another letter informing Plaintiff that creditor reports monthly to a consumer reporting agency informing whether she is timely or delinquent on her payments and, finally an email informing Plaintiff that she was 110 days past due and requesting she contact the local office or click the link therein to make a payment online. See Exhibits B through E.

13. The Plaintiff has been harassed and damaged by the Defendants' conduct and actions in that she has been and continues to be forced to expend her time and expenses toward the defense of this claim.

**FIRST CLAIM FOR RELIEF VIOLATION OF THE AUTOMATIC STAY**

14. The allegations in paragraphs 1 through 13 of this complaint are realleged and incorporated herein by this reference.

15. The actions of the Defendants in attempting to collect a debt which is included in bankruptcy constitutes a gross violation of the automatic stay as set forth in 11 U.S.C. § 362(a)(6).

16. The Plaintiff is of the opinion and belief, and thus asserts, that the conduct described in this Complain is part of a pattern and practice of the Defendants and this should be considered by the Court as a reason to award punitive damages, considering Defendants' extensive appearances within the bankruptcy court system.

17. As a result of the above violations of 11 U.S.C. § 362, the Defendants are liable to the Plaintiff for actual damages, punitive damages and legal fees.

**WHEREFORE, PREMISES CONSIDERED,** the Plaintiff having set forth his claim for relief against the Defendant respectfully prays of the Court as follows:

A. That the Plaintiff have and recover against the Defendant a sum to be determined by the Court in the form of actual damages;
B. That the Plaintiff have and recover against the Defendants sum to be determined by the Court in the form of punitive damages;
C. That the Plaintiff have and recover against the Defendant all reasonable legal fees and expenses incurred by his attorney;
D. That the underlying debt be forever canceled and discharged; and
E. That the Plaintiff have such other and further relief as the Court may deem just and proper.

Respectfully submitted this the 22nd day of November, 2017.

/s/ Paula C. Greenway
Paula C. Greenway, Attorney for Plaintiff
Greenway Bankruptcy Law, LLC
505 N. 20th St., Suite 1220
Birmingham, AL 35203
Telephone: (205) 324-4000
Facsimile: (205) 326-1150
Email: Greenwaylaw@gmail.com